[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14002
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00201-WJC-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN AGUIRRE-ARSATE,
a.k.a. Rafael Aguirre-Romero,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Agustin Aguirre-Arsate pled guilty on both counts of a two-count indictment, Count One, being found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(1), and Count Two, illegal reentry, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329, and was sentenced to concurrent prison terms of 30 months on Count One and 24 months on Count Two. These combined sentences were above the Sentencing Guidelines sentence range of 15 to 21 months.[1] The District Court granted the Government's request for an upward variance, finding that 30 months' imprisonment was sufficient but not greater than necessary to comply with the purposes of sentencing stated in 18 U.S.C. § 3553(a)(2). Aguirre-Arsate appeals his sentences, arguing that they are substantively unreasonable because the Guidelines adequately accounted for his conduct.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). We first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines sentence range or inadequately explaining the chosen sentence. *Id.* at 51, 128 S. Ct. at 597. In this case, no procedural error occurred. We therefore move

---

[1] That range was yielded by a total offense level of 10 and a Criminal History Category of IV.

2

directly to Aguirre-Arsate's argument that his sentences are substantively unreasonable in light of the totality of the circumstances. *Id.*

As the District Court correctly observed, a court is required to impose a sentence sufficient, but not greater than necessary, to comply with the § 3553(a)(2) purposes of sentencing, including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court also was required to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines sentence range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to any specific § 3553(a) factor is committed to the court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

When a district court imposes a sentence outside the Guidelines sentence range, the justification for the variance must be sufficiently compelling to support the degree of the variance. *United States v. Irey*, 612 F.3d 1160, 1186–87 (11th Cir. 2010) (*en banc*). We give due deference to the court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Gall*, 552 U.S. at 51,

3

128 S. Ct. at 597. We vacate on substantive reasonableness grounds only if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190.

The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010). Additionally, the court may rely on factors in imposing a variance that it already considered in calculating the defendant's guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Finally, a sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

We conclude that Aguirre-Arsate's combined sentences are not substantively unreasonable. The District Court explicitly stated that it considered the § 3553 factors. Further, the court weighed those factors when it considered Aguirre-Arsate's repeated deportations and convictions for illegal reentry into the United States, his multitude of aliases and IDs, and his convictions for possession of an unlawful weapon and aggravated stalking. Although he argues that the Guidelines

4

sentence range adequately accounted for his conduct, a variance may be based on factors already considered in the guideline range. *Rodriguez*, 628 F.3d at 1264. We give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Finally, Aguirre-Arsate's sentences are well below the statutory maximum of 10 years (for each offense), another indicator of reasonableness. *Gonzalez*, 550 F.3d at 1324.

   **AFFIRMED.**